UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEFFREY KNIGHT, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
|       Defendants, | ) |
| | ) |
| | )   No. 21 CV 50329 |
| | )   No. 21 CV 50330 |
| | )   Judge Iain D. Johnston |
| JEFFREY KNIGHT, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERRILL J. ZAHTZ, | ) |
|       Defendant. | ) |

**ORDER**

The plaintiff alleges in these two cases that the defendants have been deliberately indifferent to his serious medical needs, including his ongoing prostate, stomach and colon problems. The defendants moved to dismiss, arguing that Mr. Knight did not fully exhaust his administrative remedies before filing these two lawsuits. After the parties fully briefed the motions to dismiss, Magistrate Judge Jensen conducted an evidentiary hearing and, on October 25, 2022, entered a Report and Recommendation in each case [54 in '329 and 50 in '330] that the Court deny the motions to dismiss [44 in '329 and 40 in '330]. Before the Court are the defendants' objections to each of the Report and Recommendations. *See* Dkts. 56 ('329 case), 55 ('330 case).

In her Reports and Recommendations, Judge Jensen determined that one of the grievances Mr. Knight filed fully exhausted his administrative remedies, and therefore she decided that she did not need to consider whether the other grievances he filed had also been fully exhausted. As to the sole grievance she considered, she reached the following conclusions: (1) his administrative grievance was timely because the grievance officer waived any procedural infirmities by addressing the grievance on the merits, and therefore the Administrative Review Board could not reject his appeal for being untimely; (2) alternatively, his grievance was timely under the continuing violation doctrine; and (3) although the individual defendants were not identified by name in the grievance, it still sufficiently alerted Dixon to his claims that he was being refused treatment and which individuals were responsible.

In their objections, the defendants challenge each of Judge Jensen's conclusions, but this Court need address only the issue of waiver. Under *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011), "[w]here prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." Among the procedural issues encompassed by the waiver are failure to specifically identify defendants, *see id.*, and timeliness, *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Judge Jensen noted that the evidence showed that prison officials denied Mr. Knight's grievance "on the merits after investigating the issues referred to therein and determining that Plaintiff had access to health care services and no further action was necessary." Report and Recommendation [54 in '329, 50 in '330] at 10. In their objections, the defendants do not take issue with Judge Jensen's conclusion that prison officials addressed Mr. Knight's grievance on the merits. Because prison officials addressed the grievance on the merits, they waived any argument that the grievance was untimely or failed to adequately identify the defendants. As a result, the Court need not address Judge Jensen's conclusions that the grievance was also timely under the continuing violation doctrine, or that the grievance adequately identified the defendants. The Court also notes that in their objections, the defendants do not discuss the issue of waiver or Judge Jensen's reliance on it, and have therefore forfeited the issue. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

For the reasons given, the Court accepts Judge Jensen's well-reasoned Reports and Recommendations [54 in '329 and 50 in '330], and denies the defendants' motions to dismiss [44 in '329 and 40 in '330].

Date: November 16, 2022          By:  _____
                                      Iain D. Johnston
                                      United States District Judge